UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SOL RODRIGUEZ,                                              :
                                                            :
                        Petitioner,                         :
                                                            :              **SUMMARY ORDER**
            -against-                                       :              11-cv-2124 (DLI)
                                                            :
ERIC H. HOLDER, et al.                                      :
                                                            :
                        Respondents.                        :
------------------------------------------------------------ X

**DORA L. IRIZARRY, U.S. District Judge:**

Petitioner Sol Rodriguez ("Petitioner") commenced the instant action against respondents[1] Eric H. Holder, Attorney General of the United States; the United States Department of Homeland Security ("DHS"); Jeh Johnson, Secretary of Homeland Security, as successor to Janet Napolitano; the United States Citizenship and Immigration Services ("USCIS"); Lori Scialabba, Deputy Director of the USCIS, as successor to Michael Aytes; the United States Customs and Border Protection ("USCBP"); and Phyllis Coven, District Director of the New York Field Office of the USCIS, as successor to Andrea Quarantillo (collectively, "Respondents"), seeking judicial review of the denial of her application for naturalization pursuant to, *inter alia*, Section 310(c) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1421c). Respondents now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the petition for failure to state a claim for relief. For the reasons set forth below, Respondents' motion to dismiss is granted.

---

[1] Pursuant to Fed. R. Civ. 25(d), Secretary Jeh Johnson is automatically substituted for former Secretary Janet Napolitalo, Deputy Director Lori Scialabba is automatically substituted for former acting Deputy Director Michael Aytes, and District Director Phyllis Coven is automatically substituted for former acting District Director Carol Keller.

**BACKGROUND**

Petitioner is a native and citizen of Colombia. (*See* Complaint ("Compl."), Docket Entry 1, at 3.) She became a lawful permanent resident of the United States in 1995. (*Id.* at 3.) On March 5, 2010, Petitioner applied for naturalization with the USCIS. (Compl. at 3; Respondents' Motion to Dismiss ("Resp'ts. Mem."), Docket Entry 16, at 5.) Petitioner's application for naturalization was denied on September 29, 2010. (Compl. at 3; Resp'ts. Mem. at 5.) On April 19, 2011, immigration authorities informed Petitioner that she was going to be placed into removal proceedings. (Compl. at 5.) On June 24, 2011, immigration authorities prepared a Notice to Appear charging Petitioner with being removable from the United States and commenced removal proceedings against her on November 28, 2011. (Resp'ts. Mem. at 5-6.)

**DISCUSSION**

Petitioner seeks review of the denial of her application for naturalization and an order: (1) declaring the denial of her application for naturalization to be unlawful; (2) granting her application for naturalization; (3) ordering USCBP to issue a temporary I-551, which serves as evidence that a person is lawfully admitted to the United States for permanent residence, during the pendency of these proceedings; and (4) staying the issuance of any Notice to Appear during the pendency of these proceedings. (Compl. at 5-6.) Respondents contend, *inter alia*, that Petitioner fails to state a claim because the initiation of removal proceedings against Petitioner precludes the Court from granting her the relief sought herein. (Resp'ts. Mem. at 5-6.)

**I.  The Court Lacks Authority to Review Petitioner's Application for Naturalization**

A person whose application for naturalization has been denied may seek *de novo* review of such denial before the district court. 8 U.S.C. § 1421(c). However, the Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a).

Pursuant to 8 U.S.C. § 1429, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding." 8 U.S.C. § 1429. Moreover, "district court authority to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General." *See Ajlani v. Chertoff*, 545 F.3d 229, 240-41 (2d Cir. 2008) (affirming dismissal of claim brought by person against whom removal proceedings were pending).

In *Ajlani v. Chertoff*, the Second Circuit clarified the scope of a district court's authority to review naturalization decisions while removal proceedings are pending.[2] 545 F.3d at 240-41. Although § 1429 is directed at the Attorney General and not the district courts, the Second Circuit concluded that district courts lack the authority "to grant citizenship under circumstances where Congress has expressly prohibited the executive, which is charged with primary naturalization responsibility, from even considering a naturalization application." *Id.* at 241. Similarly, "a district court cannot compel the Attorney General to grant [an alien's] application for naturalization, because the statutory bar of § 1429 cannot be overcome by judicial fiat." *Baraket v. Quarantillo*, 2012 WL 3150563, at *2 (E.D.N.Y. Jul. 31, 2012) (citing *Ajlani*, 545 F.3d at 238) (internal quotations omitted). The effect of 8 U.S.C. § 1429 is that "aliens can no longer . . . apply for naturalization after removal proceedings have commenced." *Perriello v. Napolitano*, 579 F.3d 135, 141 (2d Cir. 2009).

As stated above, a Notice to Appear was filed with the Immigration Court on November 28, 2011, placing Petitioner in removal proceedings. (Resp'ts. Mem. at 5-6.) While these proceedings are pending, Petitioner is statutorily ineligible for naturalization, and, therefore, this Court thus lacks the authority to review the denial of her naturalization application or otherwise

---

[2] *Ajlani* involved a claim under § 1447(b), which authorizes district court review of naturalization applications when an applicant fails to receive a hearing before an immigration officer within 120 days, but its rationale applies equally to claims brought under § 1421(c). *See id*. at 239-41 (analyzing the two statutes interchangeably).

3

grant her naturalization application. *See* 8 U.S.C. §1429. Thus, as in *Ajlani*, Petitioner has failed "to state a claim on which naturalization relief could be granted while removal proceedings were pending." *John v. Ouarantillo*, 2008 WL 5377944, at *2 (citing *Ajlani*, 545 F.3d at 241).

Petitioner contends that the initiation of removal proceedings against her were retaliatory, and a result of her filing the instant action, and, therefore, should not preclude this Court from granting her naturalization relief. (*See* Petitioner's Memorandum in Response to Respondents' Motion to Dismiss, Docket Entry 16, at 3-5.) The facts do not support Petitioner's contention. Petitioner did not file the instant action until May 2, 2011. As conceded by Petitioner in her complaint, she already had been informed on April 19, 2011 that immigration authorities planned to place her into removal proceedings. (Compl. 17.) Accordingly, Petitioner's allegation that the institution of removal proceedings was retaliatory is unavailing.

In any event, the fact that removal proceedings have been instituted after the filing of an action in district court does not alter the effect of 8 U.S.C. § 1429. *See Ajlani*, 545 F.3d at 234-235 (affirming dismissal of claim brought by person against whom removal proceedings were not pending at time he filed his federal complaint, but were brought after). The Second Circuit explained, "The immigration code plainly states that 'no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the INA]." *Id.* at 235 (quoting 8 U.S.C. § 1252(g)). The Circuit also noted, "While the statute creates an exception for 'constitutional claims or questions of law,' *see id.* § 1252(a)(2)(D), jurisdiction to review such claims is vested exclusively in the courts of appeals and can be exercised only after the alien has exhausted administrative remedies, *see id.* §

1252(a)(2)(D), (a)(5), (b)(4), (d)." *Ajlani*, 545 F.3d at 235. Thus, this Court lacks jurisdiction to review Petitioner's challenge to her removal proceedings.

Accordingly, Petitioner has failed to state a claim upon which relief can be granted. Petitioner's request for an order declaring the denial of her application for naturalization to be unlawful or granting her application for naturalization is denied without prejudice. Petitioner may re-file after her removal proceedings have concluded.[3]

## II. Petitioner Withdrew Her Request to Stay The Issuance of A Notice to Appear

In her complaint, Petitioner requested that the Court issue a temporary I-551 during the pendency of these proceedings, but she has since withdrawn this request. (*See* Compl. at 6; Pet. Mem. at 8.) Similarly, Petitioner requested the Court stay the issuance of the Notice to Appear, and subsequently withdrew it. (*See* Compl. at 6; Pet. Mem. at 8.) In her response to the motion to dismiss, Petitioner requests, for the first time, that the Court find the USCBP's issuance of a Notice to Appear to her to be unlawful. For the reasons stated above, this request is denied on the merits. *See Ajlani*, 545 F.3d at 235 (noting that district court is without jurisdiction to review claims relating to removal proceedings). To the extent Petitioner intends this relief to be distinct from the requests within her complaint, it is still denied. The Court cannot consider allegations that a petitioner raises for the first time in her brief opposing a motion to dismiss. "[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. National Property Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).

---

[3] Respondents also contend that Petitioner never was lawfully granted permanent residence in the United States, which fact serves as an independent basis to deny Petitioner's naturalization application. (Resp'ts. Mem. at 7 n.4.) The Court need not reach this issue based on the rationale set forth above.

5

## CONCLUSION

For the reasons set forth above, Respondents' motion to dismiss is granted and this case is dismissed in its entirety without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
December 10, 2014

/s/
DORA L. IRIZARRY
United States District Judge